**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DENNIS BERARD,
Plaintiff
v.
FEDERAL BUREAU OF PRISONS,
Defendant.

Civil Action No. 15-0891 (CKK)

**MEMORANDUM OPINION**
(July 21, 2016)

Plaintiff Dennis Berard ("Berard" or "Plaintiff"), proceeding *pro se*, filed suit against Defendant, the Federal Bureau of Prisons ("BOP" or "Defendant"), seeking injunctive relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Presently before the Court is Defendant's [21] Motion for Summary Judgment.

Upon consideration of the pleadings,[1] including Defendant's *in camera* submission of the record at issue, as well as all applicable case law, statutory authority, and the record of the case as a whole, the Court finds that BOP performed an adequate search for the single document requested by Berard and that BOP properly withheld responsive information pursuant to the FOIA exemptions defined in 5 U.S.C. § 552 (b)(7)(C), (b)(7)(D), (B)(7)(E), and (b)(7)(F). However, the Court also finds that BOP failed to properly segregate and unredact non-exempt material in the redacted document that was released to Berard. Accordingly, Defendant's Motion for Summary Judgment is DENIED IN PART and GRANTED IN PART.

---

[1] Plaintiff's Complaint, ECF No. [1]; Defendant's Motion for Summary Judgment ("Def.'s Mot."), ECF No. [21]; Plaintiff's Opp'n to Defendant's Motion for Summary Judgment, ECF No. [33]; Defendant's Reply in Support of Defendant's Motion for Summary Judgment, ECF No. [28].

In addition, the Court reviewed the document at issue *ex parte* and *in camera*.

Specifically, the Court finds that BOP performed a reasonable search, located the requested document, and produced the requested document to Plaintiff in redacted form. Additionally, as explained below, the Court finds that BOP properly withheld information pursuant to FOIA Exemptions 7(D), 7(F), 7(C), 6, and 7(E); however, the Court also finds that BOP failed to release segregable material that should have been disclosed. Accordingly, the Court shall require BOP to segregate and unredact all non-exempt information in the record at issue and release the record to Berard, with modified redactions in accordance with this Memorandum Opinion. To assist BOP in those efforts, the Court is filing for BOP's *ex parte* review, as a sealed attachment to this Memorandum Opinion, the record at issue, containing suggested redactions that the Court deems appropriate. If the Court has not received any objections from BOP within seven business days—by August 2, 2016—then the attached version shall be unsealed, and a copy shall be mailed to Plaintiff. If BOP does file an objection within the specified time period, then BOP's filing should clearly set forward the basis of the objection and should attach BOP's proposed modifications of the record to be released to Berard.

## I. BACKGROUND

In March 2015, Berard submitted a FOIA request with the BOP, seeking a single document, which Berard described as "[t]he 'confidential informant' report referenced in the Disciplinary Hearing Officer's Report, pertaining to the incident report number 2597656, to which I am the disciplined party." Pl.'s Request Letter, Exhibit A to Declaration of Donna Johnson, ECF No. [21-1], at 2. Plaintiff's Request included an annexed copy of the Disciplinary Hearing Officer's ("DHO") Report, for clarity. *See id.*; *see also* DHO Report, Attachment A to Pl.'s Complaint, ECF No. [1]. Berard's Request was identified as FOIA No. 2015-03564. *See* Exhibit B to Declaration of Donna Johnson, ECF No. [21-1].

BOP performed a search for the document requested by Plaintiff, and on June 12, 2015, BOP released to Berard a five-page document; two of the pages were released with redactions and three pages were withheld in full. *See* Exhibits D and E to Declaration of Donna Johnson, ECF No. [21-1]. Berard subsequently filed an administration appeal from the BOP action on the FOIA Request, contending that the document provided to Berard was not the confidential informant report that he had requested. *See* Exhibit B to Declaration of Donna Johnson, ECF No. [21-1]. However, Berard filed the instant action before the appeal was considered, and the appeal was therefore closed. *See* Exhibit C to Declaration of Donna Johnson, ECF No. [21-1].

Berard's Complaint alleges that BOP wrongfully withheld the requested record from Plaintiff and requests that this Court order Defendant to immediately process the requested record in its entirety. *See* Pl.'s Complaint, ECF No. [1], at 6.

BOP disputes that the requested record was wrongfully withheld, and has filed a Motion for Summary Judgment, requesting that Berard's case be dismissed with prejudice. BOP contends that the search for the record was adequate, the FOIA processing was proper, and the withholding of information was in accordance with applicable FOIA exemptions. *See* Def.'s Mem., ECF No. [21], at 1.

Berard, in response, contends that the five pages of the responsive record produced by BOP are not the "confidential informant report" requested by Berard,[2] and that BOP improperly

[2] Berard filed both an Opposition to BOP's Motion for Summary Judgment, *see* ECF No. [33], and a self-declared "Motion to Take Judicial Notice.," *see* ECF No. [25]. In his "Motion to Take Judicial Notice," Berard, citing Federal Rule of Evidence 201, requested that the Court take "judicial notice" of the following "adjudicative fact":

> That the five pages of responsive records are not protected under FOIA Exemption (b)(7)(D), which exempts from disclosure 'information furnished by a confidential source,' because they are not the confidential information (sic) report

redacted and withheld unprotected segregable information. *See* Pl.'s Opp'n, ECF No. [33], at 2.[3]

After the parties finished briefing, the Court granted an unopposed request by Plaintiff that the Court review, *in camera*, the unredacted version of the document produced by BOP to Plaintiff. *See* Order (June 24, 2016), ECF No. [31]. The Court has now completed its *in camera* review of the unredacted version of the document produced by Plaintiff. Accordingly, Defendant's Motion for Summary Judgment is now ripe for resolution.

## II. LEGAL STANDARD

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of the Air Force v. Rose,* 425 U.S. 352, 361 (1976) (citation omitted). Congress remained sensitive to the need to achieve balance between these objectives and the potential that "legitimate governmental and private interests could be harmed

---

derived from a confidential source.

Pl.'s Mot. to Take Judicial Notice, ECF No. [25], at 1.

The Court shall DENY Berard's Motion to Take Judicial Notice. Berard's motion is essentially a request that the Court treat as undisputed fact Plaintiff's unsupported assertion that the document produced by BOP is not the confidential informant report referenced in the DHO Report. Federal Rule of Evidence 201 plainly provides no grounds for the Court to take judicial notice of such a purported fact. *See* Fed. R. Evid. 201 (providing that a court may only take judicial notice of a fact "that is not subject to reasonable dispute."). The Court, however, shall consider Plaintiff's position as an *argument* that the document produced by BOP to Plaintiff is not, in fact, a redacted version of the confidential informant report requested by Plaintiff. The Court shall address his argument in the Discussion section of this Memorandum Opinion.

[3] Berard also contends, *inter alia*, that BOP did not make a determination to release or withhold responsive records until after Plaintiff filed suit. *See* Pl.'s Opp'n, ECF No. [33], at 2. However, the record evidence indicates that BOP performed a search for the requested document, and released a redacted version of the document sought by Berard, on or before June 1, 2015—which was prior to the filing of Berard's Complaint on June 10, 2016. *See* Exhibit D to Declaration of Donna Johnson, ECF No. [21-1].

by release of certain types of information." *FBI v. Abramson,* 456 U.S. 615, 621 (1982). To that end, FOIA "requires federal agencies to make Government records available to the public, subject to nine exemptions for specific categories of material." *Milner v. Dep't of Navy,* 562 U.S. 562 (2011). Ultimately, "disclosure, not secrecy, is the dominant objective of the Act." *Dep't of Air Force v. Rose,* 425 U.S. 352, 361 (1976). For this reason, the "exemptions are explicitly made exclusive, and must be narrowly construed." *Milner,* 562 U.S. at 565 (citations omitted).

When presented with a motion for summary judgment in this context, the district court must conduct a "de novo" review of the record, which requires the court to "ascertain whether the agency has sustained its burden of demonstrating the documents requested . . . are exempt from disclosure under the FOIA." *Multi Ag. Media LLC v. Dep't of Agriculture,* 515 F.3d 1224, 1227 (D.C. Cir. 2008) (citation omitted). The burden is on the agency to justify its response to the plaintiff's request. 5 U.S.C. § 552(a)(4)(B). "An agency may sustain its burden by means of affidavits, but only if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Multi Ag. Media,* 515 F.3d at 1227 (citation omitted). "If an agency's affidavit describes the justifications for withholding the information with specific detail, demonstrates that the information withheld logically falls within the claimed exemption, and is not contradicted by contrary evidence in the record or by evidence of the agency's bad faith, then summary judgment is warranted on the basis of the affidavit alone." *Am. Civil Liberties Union v. U.S. Dep't of Defense,* 628 F.3d 612, 619 (D.C. Cir. 2011) (citations omitted). "Uncontradicted, plausible affidavits showing reasonable specificity and a logical relation to the exemption are likely to prevail." *Ancient Coin Collectors Guild v. U.S. Dep't of State,* 641 F.3d

504, 509 (D.C. Cir. 2011) (citation omitted). Summary judgment is proper when the pleadings, the discovery materials on file, and any affidavits or declarations "show[ ] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

An agency also has the burden of detailing "what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document." *Mead Data Cent., Inc. v. U.S. Dep't of the Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977). Any nonexempt information that is reasonably segregable from the requested records must be disclosed. *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996).

**III. DISCUSSION**

As a preliminary matter, it is clear from the Court's *in camera* review that the document produced by BOP to Berard is in fact the document requested by Plaintiff—that is, the document is the "confidential informant report" referenced in the DHO Report pertaining to the incident report number 2597656, to which Berard is the disciplined party. In so finding, the Court rejects Plaintiff's unsupported argument that the document produced by BOP is not the confidential informant report referenced in the DHO Report. The Court also rejects Plaintiff's argument that BOP submitted the Declaration of Donna Johnson, the Paralegal Specialist at BPO, in bad faith. There is no evidence that Ms. Johnson—or any other BOP official—acted with willful deception, or with malicious intent, in responding to Berard's FOIA Request. Accordingly, the Court finds that BOP performed a reasonable search, located the requested document, and produced the requested document to Plaintiff, albeit in redacted form.

Additionally, as explained below, the Court finds that BOP properly withheld information pursuant to FOIA Exemptions 7(D), 7(F), 7(C), 6, and 7(E); however, the Court also finds that

BOP failed to release segregable material that should have been disclosed.

A. FOIA Exemption 7(D)

First, the Court finds that BOP properly withheld information on all five pages of the released document pursuant to FOIA Exemption 7(D). *See* 5 U.S.C. § 552(b)(7)(D). This exemption protects the identities of, and information received from, individuals who provided information to the agency and/or local law enforcement during the course of the investigation into the criminal activities. With regards to Exemption 7(D), the D.C. Circuit has held that:

> Where . . . the records at issue were 'compiled by criminal law enforcement authorit[ies] in the course of a criminal investigation,' they are covered by Exemption 7(D) if producing the records 'could reasonably be expected to disclose the identity of a confidential source' or 'information furnished' by such a source. 5 U.S.C. § 552(b)(7)(D). The agency invoking Exemption 7(D) bears the burden of proving that it applies, and with respect to the FBI, it is not enough for the agency to claim that all sources providing information in the course of a criminal investigation do so on a confidential basis.

*Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1184 (D.C. Cir. 2011). In assessing whether records are compiled for "law enforcement purposes," the "focus is on how and under what circumstances the requested files were compiled, and whether the files sought relate to anything that can fairly be characterized as an enforcement proceeding." *Jefferson v. Department of Justice*, 284 F.3d 172, 176-77 (D.C. Cir. 2002) (citations and internal quotations omitted). When a criminal law enforcement agency invokes Exemption 7, it "warrants greater deference than do like claims by other agencies." *Keys v. United States Dep't of Justice*, 830 F.2d 337, 340 (D.C. Cir. 1987). A criminal law enforcement agency must simply show that "the nexus between the agency's activity . . . and its law enforcement duties" is "'based on information sufficient to support at least 'a colorable claim' of its rationality.' " *Id.*

Additionally, in circumstances where "no express assurance of confidentiality exists,

courts consider a number of factors to determine whether the source nonetheless 'spoke with an understanding that the communication would remain confidential.' " *Roth,* 642 F.3d at 1184 (quoting *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 172 (1993)). The relevant factors include " 'the character of the crime at issue,' 'the source's relation to the crime,' whether the source received payment, and whether the source has an 'ongoing relationship' with the law enforcement agency and typically communicates with the agency 'only at locations and under conditions which assure the contact will not be noticed.' *Id.* (quoting *Landano*, 508 U.S. at 179). "The nature of the crime investigated and informant's relation to it are the most important factors in determining whether implied confidentiality exists." *Singh v. F.B.I.*, 574 F.Supp.2d 32, 50 (D.D.C. 2008) (citing *Landano*, 508 U.S. at 179-80). "The pertinent question is whether the violence and risk of retaliation that attend this type of crime warrant an implied grant of confidentiality for such a source." *Mays v. Drug Enf't Admin.*, 234 F.3d 1324, 1329 (D.C. Cir. 2000).

Here, it is undisputed that the BOP is a law enforcement agency and is entitled to greater deference when considering that the documents were created for a law enforcement purpose. *See Quinto v. Dep't of Justice*, 711 F. Supp. 2d 1, 7 (D.D.C. 2010) )("The BOP is a law enforcement Agency[.]") (citation omitted). Additionally, as explained in the supporting declaration, the confidential report provides information about Berard's alleged scheme to extort inmates into convincing their family members to introduce contraband into the Lewisburg Prison Camp. *See* Declaration of Donna Johnson, ECF No. [21-1], at ¶¶ 16 and 18; *see also* DHO Report, Attachment A to Pl.'s Complaint, ECF No. [1]. Ms. Johnson notes:

> Numerous confidential sources report to the BOP on a regular basis; they provide information under express assurances of confidentiality and are "informants" within the common meaning of the term. Others are interviewed and/or provide information under implied assurances of confidentiality (i.e., under circumstances from which assurances of confidentiality may be inferred). In either situation, these sources are considered to be confidential because they furnish information only

> with the understanding that their identities and the information they provided will not be divulged outside the BOP. Information provided by these sources is singular in nature, and--if released--could reveal their identities.

Declaration of Donna Johnson, ECF No. [21-1], at ¶ 16.

In asserting Exemption (b)(7)(D) on each of the five pages in the released record, BOP protected identifying information about, and information provided by, third parties under circumstances in which confidentiality can be inferred. *Id.* at ¶ 18.[4] The third parties provided information concerning the activities of Plaintiff when he was an inmate at the Lewisburg Prison Camp and attempting to introduce contraband into the prison facilities. *Id.* These third parties and their families would be exposed to significant harm, whether it be physical or mental, if they were identified as cooperators or informers even in a minimum-security prison camp such as Lewisburg Prison Camp. *Id.*

Furthermore, the Court notes that Plaintiff has not contested BOP's proper redaction of this information under Exemption 7(D), and instead argues that BOP "fails to justify its failure to release segregable information not protected by this exemption." Pl.'s Opp'n, ECF No. [33], at ¶ 22.[5]

Accordingly, the Court finds that BOP has properly withheld information pursuant to

---

[4] The Court also notes that BOP properly invoked Exemption (7)(D) to excise an informant's confidential source identification number on page 4 of the released document. Declaration of Donna Johnson, ECF No. [21-1], at ¶ 19.

[5] The Court notes that Plaintiff does assert that "Defendant has failed to justify the application of this exemption on page 5 of the released records." Pl.'s Opp'n, ECF No. [33], at ¶ 22. After reviewing, *in camera*, the released record in unredacted form, the Court finds that BOP appropriately withheld information on page 5 of the released record pursuant to FOIA Exemption 7(D). Specifically, as noted in the *Vaughn* Index submitted by BOP, page 5 of the released records contains "information concerning the reliability of confidential informants"—*see Vaughn* Index, Exhibit F to Declaration of Donna Johnson, ECF No. [21-1]—which, if disclosed, "could reasonably be expected to disclose the identity of a confidential source," 5 U.S.C. § 552(b)(7)(D).

Exemption 7(D). *See* 5 U.S.C. § 552(b)(7)(D). The Court shall address Plaintiff's arguments concerning segregability in Part III.E of this Memorandum Opinion.

B. FOIA Exemption 7(F)

The Court also finds that BOP properly withheld information on all five pages of the released document pursuant to FOIA Exemption 7(F). *See* 5 U.S.C. § 552(b)(7)(F). This exemption protects information compiled for law enforcement purposes to the extent that disclosure "could reasonably be expected to endanger the life or physical safety of any individual." *Id.* This exemption "affords broad protection to the identities of individuals mentioned in law enforcement files," *Jimenez v. FBI*, 938 F. Supp. 21, 30 (D.D.C. 1996), including any individual "reasonably at risk of harm." *Miller v. U.S. Dep't of Justice*, 562 F. Supp. 2d 82, 124 (D.D.C. 2008) (quoting *Long v. U.S. Dep't of Justice*, 450 F. Supp. 2d 42, 79 (D.D.C. 2006)). In general, this exemption has been interpreted to apply to names and identifying information of law enforcement officers, witnesses, confidential informants and other third persons who may be unknown to the requester. *See Durham v. United States Department of Justice*, 829 F. Supp. 428, 434 (D.D.C.1993); *Public Employees for Environmental Responsibility (Peer), Rocky Mountain Chapter v. U.S. E.P.A.*, 978 F. Supp. 955, 961 (D. Colo. 1997) (citing cases). In reviewing claims under Exemption 7(F), courts have inquired whether or not there is a nexus between disclosure and possible harm and whether the deletions were narrowly made to avert the possibility of such harm. *Albuquerque Pub. Co. v. U.S. Dep't. of Justice*, 726 F. Supp. 851, 858 (D.D.C. 1989).

Here, BOP has properly asserted Exemption 7(F) to protect information obtained for law enforcement purposes that, if made public, could reasonably be expected to endanger the life or safety of any individual. Declaration of Donna Johnson, ECF No. [21-1], at ¶ 21. Exemption 7(F)

was applied to protect information concerning inmates, staff, and others. The BOP protected a key confidential informant's name as well as his confidential identification number and/or the information he/she provided to BOP because the information would readily reveal the source's identity. Declaration of Donna Johnson, ECF No. [21-1], at ¶ 21. As explained by Ms. Johnson:

> In the BOP's experience, sources cooperating with and providing information to the BOP about illegal inmate activities do so at great risk to themselves and have faced retaliation and threats (including death threats) when their assistance to the BOP has been publicly disclosed.

*Id.* Furthermore, the DHO Report concluded that Berard committed acts of extortion and blackmail, and that he threatened another inmate with physical harm. *See* DHO Report, Attachment A to Pl.'s Complaint, ECF No. [1], at 3-5. In light of the violent nature of the charges at issue in this case, disclosure of information provided to BOP by the confidential informant concerning the alleged conduct described above could reasonably be expected to endanger the life or safety of that individual.

Furthermore, the Court notes that Plaintiff has not contested BOP's proper redaction of this information under Exemption 7(F), and instead argues that BOP "fails to justify why unprotected information cannot be segregated from the names and other identifying information of individuals unknown to the Plaintiff excised under this exemption." Pl.'s Opp'n, ECF No. [33], at ¶ 32.

Accordingly, the Court finds that BOP has properly withheld information pursuant to Exemption 7(F). *See* 5 U.S.C. § 552(b)(7)(F). The Court shall address Plaintiff's arguments concerning segregability in Part III.E of this Memorandum Opinion.

C. <u>FOIA Exemptions 6 and 7(C)</u>

The Court also finds that BOP properly withheld information on all five pages of the released document pursuant to Exemptions 6 and 7(C). *See* 5 U.S.C. §§ 552(b)(6), 552(b)(7)(C). FOIA Exemption 6 provides that an agency may withhold "personnel and medical files and similar

files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Similarly, Exemption 7(C), in relevant part, permits an agency to withhold "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." *Id.* § 552(b)(7)(C). "The courts have construed this provision as permitting exemption if the privacy interest at stake outweighs the public's interest in disclosure." *Nation Magazine, Washington Bureau v. U.S. Customs Service*, 71 F.3d 885, 893 (D.C. Cir. 1995). The privacy interest in Exemption 6 is narrower than in Exemption 7(C), so if the redactions satisfy the former, no examination of the latter is necessary. *Smith v. Dep't of Labor*, 798 F. Supp. 2d 274, 283 (D.D.C. 2011).

As a preliminary matter, Plaintiff contends that the application of Exemption 6 is inappropriate because "Plaintiff did not request personnel and medical files, or similar files, of BOP employees." Pl.'s Opp'n, ECF No. [33], at ¶ 13.[6] The Court finds Plaintiff's position to be contrary to controlling case law.

"The term 'similar files' is construed broadly and is 'intended to cover detailed Government records on an individual which can be identified as applying to that individual.' " *Concepcion v. FBI*, 606 F. Supp. 2d 14, 35 (D.D.C. 2009) (quoting *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982)). "The threshold is fairly minimal, such that all information which applies to a particular individual is covered by Exemption 6, regardless of the type of file in which it is contained." *Concepcion*, 606 F. Supp. 2d at 35 (internal quotations and citation omitted). In this way, the "FOIA's protection of personal privacy is not affected by the

[6] Plaintiff does not dispute the fact that the records at issue in this case were compiled for law enforcement purposes, as required pursuant to Exemption 7(C).

happenstance of the type of agency record in which personal information is stored." *Washington Post Co. v. U.S. Dep't of Health & Human Servs.*, 690 F.2d 252, 260 (D.C. Cir. 1982); *see also N.Y. Times Co. v. Nat'l Aeronautics & Space Admin.*, 920 F.2d 1002, 1004-05 (D.C. Cir. 1990) (en banc) (concluding that Exemption 6 protected disclosure of a tape of voice communications aboard the Challenger space shuttle because "it applies to particular individuals").

Here, the Court's *in camera* review demonstrates that the information that BOP seeks to withhold—names of BOP staff involved in the investigation of the incident at issue, identifying information about inmates named in the informant report, and other personal information concerning both BOP staff and individual inmates—meets the "similar files" requirement of Exemption 6. *See Wash. Post*, 456 U.S. at 601 ("[I]nformation about an individual should not lose the protection of Exemption 6 merely because it is stored by an agency in records other than 'personnel' or 'medical' files.").

Moreover, as noted in the *Vaughn* Index submitted by BOP, release of such information would constitute "an unwarranted invasion of an individual's personal privacy" and "would provide third-party information to which no consent to release was given." *Vaughn* Index, Exhibit F to Declaration of Donna Johnson, ECF No. [21-1], at 1. Release of the identities of BOP staff could also subject them to unnecessary and unwelcome harassment, and the release of inmate identities in this matter could subject them to retaliation for cooperation. *See* Declaration of Donna Johnson, ECF No. [21-1], at ¶ 15. Plaintiff does not dispute that disclosure of such information could, or would, constitute an unwarranted invasion of the privacy of those persons, nor does he put forward any public interest that might outweigh such an invasion of privacy. Instead, Plaintiff argues that the application of these exemptions do not justify BOP's failure to release segregable information. Pl.'s Opp'n, ECF No. [33], at ¶¶ 14, 17-18.

Accordingly, the Court finds that BOP has properly withheld information pursuant to Exemptions 6 and 7(C). *See* 5 U.S.C. §§ 552(b)(6), 552(b)(7)(C). The Court shall address Plaintiff's arguments concerning segregability in Part III.E of this Memorandum Opinion.

D. FOIA Exemption 7(E)

The Court also finds that BOP has properly withheld information on page five of the released document pursuant to FOIA Exemption 7(E). *See* 5 U.S.C. § 552(b)(7)(E). Exemption 7(E) authorizes an agency to withhold:

> records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law.

5. U.S.C. § 552(b)(7)(E). "The D.C. Circuit has held that an agency may withhold information from disclosure where releasing such information would provide insight into its investigatory or procedural techniques." *Techserve All. v. Napolitano*, 803 F. Supp. 2d 16, 28-29 (D.D.C. 2011); *see also Blackwell v. FBI*, 646 F.3d 37, 42 (D.C. Cir. 2011) (noting that Exemption 7(E) offers "a relatively low bar for the agency to justify withholding" information). Exemption 7(E) allows for withholding "not just for circumvention of the law, but for a risk of circumvention; not just for an actual or certain risk of circumvention, but for an expected risk; not just for an undeniably or universally expected risk, but for a reasonably expected risk; and not just for certitude of a reasonably expected risk, but for the chance of a reasonably expected risk." *Mayer Brown LLP v. Internal Revenue Serv.*, 562 F.3d 1190, 1193 (D.C. Cir. 2009).

Here, BOP asserts that it invoked Exemption 7(E) to withhold information on page five of the five-page release because "page five is an entry into a BOP intelligence-sharing database

concerning investigations and this non-public database serves as a repository for BOP investigative data and intelligence." Def.'s Mot., ECF No. [21], at 12. As Ms. Johnson explains, the database "is meant to operate as a "one-stop" shop that allows the BOP (and other law enforcement components) to query information and develop investigative leads from a variety of source data." Declaration of Donna Johnson, ECF No. [21-1], at ¶ 21. It is a database to which BOP investigative, intelligence, and other staff have access. *Id.* According to Ms. Johnson, "[d]isclosure of the printouts or information compiled in the database could enable inmates or inmates' associates to employ countermeasures to avoid detection, thus jeopardizing the BOP's security and law-enforcement mission." *Id.*[7]

Plaintiff contends that BOP has failed to sufficiently identify what procedures are involved, and that BOP has inappropriately withheld in full page five of the record. Pl.'s Opp'n, ECF No. [33], at ¶¶ 24-29. Plaintiff also requests that BOP release all segregable information on page five. *Id.* at ¶ 29.

Upon review of the parties' submissions, the Court finds that BOP sufficiently identified what procedures are involved, such that disclosure of information concerning those procedures "could reasonably be expected to risk circumvention of the law." 5. U.S.C. § 552(b)(7)(E). In addition, the Court's *in camera* review demonstrates that the information that BOP seeks to withhold on page five "would disclose techniques and procedures for law enforcement investigations." 5. U.S.C. § 552(b)(7)(E). As noted by BOP in its *Vaughn* Index, page five consists of a page from a BOP intelligence and investigative database. *Vaughn* Index, Exhibit F to

[7] The *Vaughn* Index states that Exemption 7(E) was originally applied to the top of pages three and four, and to five, but that the exemption was withdrawn as to pages three and four, and applied only to protect information on page five. *See Vaughn* Index, Exhibit F to Declaration of Donna Johnson, ECF No. [21-1], at 2-3.

Declaration of Donna Johnson, ECF No. [21-1], at 3. Specifically, page five contains database information, which if produced, could reveal techniques used by law enforcement investigators when sharing information across agencies. *See id.* There is a reasonable risk that disclosure of this information would weaken the BOP's effectiveness and potentially aid in circumvention of the techniques. Accordingly, such information is properly withheld under Exemption 7(E). *See, e.g.*, *Skinner v. DOJ*, 893 F. Supp. 2d 109, 114 (D.D.C. 2012) ("The Court concludes that the USCIS's decision to redact the TECS access codes is appropriate under Exemption 7(E)."), *aff'd sub nom., Skinner v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, No. 12–5319, 2013 WL 3367431 (D.C. Cir. May 31, 2013); *McRae v. DOJ*, 869 F.Supp.2d 151, 169 (D.D.C. 2012) (finding Exemption 7(E) properly applied to information from TECS and NCIC databases).

Having found that BOP properly withheld information on each of the pages in the record released to Plaintiff, the Court shall now address Plaintiff's arguments concerning the segregability of information in the document. As explained below, the Court finds that Plaintiff is correct—BOP failed to properly segregate and unredact non-exempt material in the redacted record that was released to Berard.

E. Segregability

While agencies may properly withhold certain materials under FOIA's enumerated exemptions, they must release "any reasonably segregable portions" of responsive documents once they have redacted the exempted information. *See* 5 U.S.C. § 552(b). The segregability requirement is of such great import that this Court has an affirmative duty to engage in its own segregability analysis, regardless of Plaintiff's pleadings. *See Billington v. Dep't of Justice*, 233 F.3d 581, 586 (D.C. Cir. 2000). The question of segregability is "subjective based on the nature of the document in question, and an agency must provide a reasonably detailed justification rather

than conclusory statements to support its claim that the non-exempt material in a document is not reasonably segregable." *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977). Although the agency's justification need not compromise the nature of the withheld information, its explanation should at least detail what proportion of the information in a document is non-exempt and how that material is dispersed throughout the document. *See Mead Data*, 566 F.2d at 261.

Here, BOP redacted, in full, pages one, two, and five of the five-page document released to Plaintiff, while BOP redacted, in significant part, pages three and four. BOP claims that any additional segregability "was particularly difficult because of the need to protect informants in the context of prison." Pl.'s Mot., ECF No. [21], at 15. According to BOP, the "release of the wrong, seemingly innocuous, detail could reveal the mere filament of a fact that could enlighten the subject of an investigation." *Id.* BOP further asserts that after the applications of the exemptions, the "only surviving, non-exempt information was paired down to little more than Mr. Berard's name and inmate number." *Id.* BOP concludes that segregation in this case would "produce an essentially meaningless, disjointed set of words, phrases, and sentences that have minimal or no information context." *Id.*

The Court disagrees with BOP's segregability analysis. As a preliminary matter, the Court's *in camera* review demonstrates that BOP failed to segregate excerpts that already contained information that was subsequently cited and discussed in the DHO Report, which has already been disclosed to Plaintiff. Disclosing the information at this stage would not result in the disclosure of any non-exempt information and would not pose any risk to BOP staff, inmates, or other third-party individuals.

Furthermore, BOP acknowledges that it could have unredacted additional, segregable

portions of the document released to Berard. For example, the *Vaughn* Index states that on page one, "[a]rguably, the letterhead, date, and first three words of the subject line, namely, 'Confidential Informant Utilized,' would have bolstered the authenticity of the release without publicizing non-exempt information." *Vaughn* Index, Exhibit F to Declaration of Donna Johnson, ECF No. [21-1], at 2. It is puzzling why BOP did not find it necessary to release that information, particularly in light of the fact that throughout this case—and throughout the underlying disciplinary action—Berard has disputed the very existence of both the confidential informant and the informant report at issue in this FOIA request. *See* DHO Report, Attachment A to Pl.'s Complaint, ECF No. [1], at 4 ("[Berard] presented as [his] defense that . . . a confidential informant does not exist, and that the reporting officer fabricated the information concerning a confidential informant in order to write incident report"); *see also* Pl.'s Opp'n, ECF No. [33], at ¶ 2 ("Notably, the five pages of released records are not the "confidential information (sic) report."). In addition, BOP should have disclosed pertinent, non-exempt information in the document's introductory paragraph, which sets out the purpose of the memorandum. Such information would further authenticate the document and its disclosure would not be exempt under any FOIA provision.

In light of the foregoing, the Court shall require BOP to segregate and unredact all non-exempt information in the record at issue and release the record to Berard, with modified redactions in accordance with this Memorandum Opinion. To assist BOP in those efforts, the Court is filing for BOP's *ex parte* review, as a sealed attachment to this Memorandum Opinion, the record at issue, containing suggested redactions that the Court deems appropriate. In the version proposed by the Court, the Court has unredacted certain excerpts on page one of the record, namely the letterhead, date, subject line, and portions of the introductory paragraph describing the purpose of the document at issue. On page two of the record, the Court has unredacted an excerpt containing

one of the document's findings. The Court has not made any changes to page three, which already contains excerpts unredacted by BOP, and has redacted two additional lines on page four, which describe one of the document's findings. Finally, on page five, the Court has unredacted the date, time, two subject headings, and a statement that the Court finds would bolster the authenticity of the record without publicizing non-exempt information.

The Court shall permit BOP to review the Court's suggested redactions of the record at issue, before the record is released to Plaintiff. If the Court has not received any objections from BOP within seven business days—by August 2, 2016—then the attached version shall be unsealed, and a copy shall be mailed to Plaintiff. If BOP does file an objection within the specified time period, then BOP's filing should clearly set forward the basis of the objection and should attach BOP's proposed modifications of the record to be released to Berard.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Summary Judgment is DENIED IN PART and GRANTED IN PART.

An appropriate Order accompanies this Memorandum Opinion.

/s/
**COLLEEN KOLLAR-KOTELLY**
UNITED STATES DISTRICT JUDGE

Attachments Filed under Seal for BOP's *Ex Parte* Review

(1) Redacted Record at Issue